This is a petitory action in which the plaintiff prays to be recognized as owner of a tract of land in the Parish of Tangipahoa and described in its petition as being "the South half of the Southwest quarter, and that part of the Southwest quarter of the Southeast quarter lying west of Big Creek, in Section Fifteen (15) Township Two (2) South, Range Eight (8) East, containing ninety-two acres of land." Plaintiff alleges that it acquired the property by purchase from Brooks-Scanlan Company on November 30, 1917, by act of sale duly recorded in the Conveyance Records of Tangipahoa Parish; that G.C. Stevens and Sam Cerniglia are in actual, physical possession thereof without title or right to remain thereon and refuse to deliver possession without good or legal cause. Possession by these defendants is alleged to be worth the sum of $90 per year.
[1] Both defendants filed exceptions of misjoinder of parties defendant as well as others but in as much as the suit as to the defendant Stevens was later compromised, it becomes unnecessary to consider and pass on the exception of misjoinder.
One of the other exceptions which had been filed and overruled, and which is still being pressed by the sole defendant, Cerniglia, on this appeal, is one of want of capacity in this plaintiff to file or prosecute this suit or any judicial demand before the courts of Louisiana, because of its failure, as a foreign corporation to have complied with the requirements of Act 8 of the Third Extra Session of 1935 under the provisions of which no foreign corporation is permitted to present any judicial demand before any court of this state unless and until it has paid all taxes, excises and licenses due to the state. In his motion defendant had averred that plaintiff had not paid any of said taxes or licenses and therefore the prohibition applied.
On the merits the defendant denied plaintiff's allegation of ownership of the property which he described in his answer and a portion of which he avers has been in his actual possession since he acquired it on August 17, 1927. He then sets out that on February 15, 1912, Brooks-Scanlan Company, being the owner of the said property with adjoining lands, laid the same off into the townsite of the Town of Bolivar, "as per plat thereof, duly filed in the Office of the Recorder of Conveyances for the Parish of Tangipahoa," and having done so and having also dedicated the streets, roads and alleys on said plat, the said property lost its identity as acreage in Sec. 15, Township 2, South, Range 8 East, and thereafter became known as blocks in the said Town of Bolivar.
He then avers that on July 6, 1926, Brooks-Scanlan Company sold to M. Dreux *Page 122 
Van Horn, blocks Nos. 18, 19, 20, 21, 22, 23, 24, 25, 33, 34, 35, and 36 in the townsite of Bolivar in the west portion of Headright 38, together with other lands not involved in this suit and that on August 17, 1927, Van Horn sold and conveyed to him the blocks just enumerated in the townsite of Bolivar. As a result of the said property having lost its identity as so much acreage being described in a certain section, township and range after having been plotted out as a townsite, it was not the intention of the parties in the deed from Brooks-Scanlan Company to the plaintiff, on November 30, 1917, to convey any property in said townsite as description would have to be by blocks as plotted and enumerated on the plat on file in the conveyance office of the Parish.
As an alternative plea in case he should be evicted, the defendant makes a demand against his vendor, M. Dreux Van Horn, called in warranty by him, for the price of the land and against the plaintiff for $500, the value of the fence which he had erected thereon. Van Horn answered the call in warranty made on him by Cerniglia adopting practically all of his defenses as his own, and the case having thus been put at issue went to trial in the district court resulting in a judgment in favor of the plaintiff, decreeing it to be the owner and entitled to the possession of the "East portion of the South half of the Southwest quarter and that portion of Southwest quarter of Southeast quarter lying west of Big Creek, in Section Fifteen (15), Township Two (2) South, Range Eight (8) East containing forty-six (46) acres of land, more or less." The judgment also decreed an award in favor of the defendant against Van Horn, warrantor, for the value of the land, taxes and certain improvements thereon. The defendant has appealed from that part of the judgment which recognized the plaintiff as the owner of the land.
The exception of want of capacity in plaintiff to present its demand before the court presents a serious issue and one which we are unable to decide on the present state of the record.
Act 8 of the Third Extra Session of 1935 which is relied on by defendant prohibits any corporation "doing business in this State" from presenting "any judicial demand before any court of this State, unless and until it has complied with the laws of this State for doing business herein, and unless and until it has paid all taxes, excises and licenses due to the State." There was a certificate produced from the office of the Secretary of State showing that the plaintiff corporation, which is a foreign corporation, had qualified to do business in this State in the year 1907 and that it was still so qualified. The certificate further shows however that it "has not fully complied with Act 8 of the Third Extra Session of 1935" as it has "not filed a corporation franchise tax report or paid the taxes for the years 1933, 1934 or 1935." The act of 1935 was in effect when plaintiff filed the present suit on November 19, 1935, and whilst it admits that it has not complied with its requirements, nevertheless contends that the act was not operative as to it for the reason that it was not "doing business in this State" as meant and contemplated by the statute.
The record contains no proof whatever by which it can be determined whether the plaintiff corporation was doing any business at all in Louisiana in November, 1935, when it filed this suit, nor is there any proof to show the nature and extent of what its business may have been or if the selling of any property which it owned may have been incidental to any part of its business. A copy of its charter was produced and filed in the record and whilst it is therein stated that the nature of its business shall be to manufacture piling and lumber, it also appears that part of its business may be "to acquire, hold, use and dispose of all such property, real, personal and mixed and do all such acts and things as are incident, necessary, convenient or conducive to the attainment of any of the business aforesaid * * *."
[2-5] We are in accord with the statement found in American Jurisprudence, Vol. 23, p. 359, § 372, "that the mere ownership of property in the state, unaccompanied by its active use in furtherance of the business for which the corporation was formed, is insufficient in itself * * * to constitute doing business in the State," but we believe also that by that statement itself it is contemplated that more than mere ownership should be considered in order to determine the question. If the corporation is shown to have been involved in some transfers of property, it then becomes necessary, in our opinion, to show whether they were incidental to or in furtherance of the business for which it was organized. To express it in another way, there is a question of fact as well as a question of *Page 123 
law involved in the matter and, as held in Proctor Trust Co. v. Pope, La. App., 12 So.2d 724, 727, when the court had this same point under consideration, "each case necessarily must be determined from its own facts." As there are no facts presented in this case, or if there were, they were not put in the record, we find ourselves unable to review the decision of the trial court on the exception at this time.
[6] On the merits we find in the first place that although plaintiff asserted its ownership under a recorded title referred to in its petition and offered its deed of purchase in evidence, we find no such deed or copy thereof in the record. We think it is important to examine the deed for two reasons. First, it calls for 92 acres of land apparently comprised of two tracts as the description shows that the 92 acres are composed of the south half of the southwest quarter and that part of the southwest quarter of the southeast quarter lying west of Big Creek in Sec. 15, T. 2 S., R. 8 E. We find in the record an instrument by which Brooks-Scanlan Company, on February 28, 1922, recognized its sale to the plaintiff of some 1,700 acres of land on which it had reserved the timber, by acknowledging that it had removed all timber it intended to remove and released and abandoned all such further right it had in that respect, and included in the body of land was the south half of the southwest quarter of Sec. 15, T. 2 S., R. 8 E, said to contain 81.30 acres. It may be important to know if this acreage comprised all the land in the south half of the southwest quarter of Sec. 15, and whether the remainder of the 92 acres called for in the deed of November 30, 1917, was that portion of the south half of the southwest quarter of Sec. 15 which lies west of Big Creek because (and here we come to the second reason why we think plaintiff's deed should be examined) the trial judge decreed the plaintiff to be the owner of only 46 acres of land which he identified as "the east portion of the south half of the Southwest quarter and that part of the Southwest quarter of the Southeast quarter lying west of Big Creek in Section Fifteen (15), Township Two (2) South, Range Eight (8) East."
Further, in considering the merits we find that the defense is predicated exclusively on the proposition that the property claimed by the plaintiff is part of a tract of land that was laid off by Brooks-Scanlan Company as a townsite back in 1912, all as appears by a plat showing the division of the site into blocks, and which plat is duly recorded in the conveyance records of the Parish. This plat was specifically introduced in evidence but we fail to find either the original or a copy thereof in the record. We find it necessary to examine this plat to try to ascertain if the townsite includes the property described in plaintiff's petition or any portion of it and especially is this so since in setting out his acquisition from M. Dreux Van Horn, defendant, in his answer, described his property by enumerating certain blocks in the townsite of Bolivar which is said to be "in the northwest portion of Headright 38." There is nothing whatever found in the record to inform the court what and where is Headright 38.
We presume that the trial judge had all of these offerings before him in considering the case and was thus able to reach a conclusion and render the judgment he did, but in their absence from the record and also in the condition in which we otherwise find the record, both on the trial of the exception and the merits, we find it impossible to intelligently review the case on appeal.
We have therefore concluded in the furtherance of justice to remand the case to the district court for the purpose of having further evidence adduced on the exception of want of capacity in the plaintiff to file suit, and on the merits, and especially to have the documentary proof already offered in evidence supplied in the record and also for the purpose of offering and filing in the record such documentary proof as may have any bearing on the case.
For the reasons stated it is now ordered that this case be remanded to the district court to be further proceeded with in accordance with the views herein expressed. *Page 124