DORÉ, Judge.
This is a petitory. action in which the plaintiff prays to be recognized as owner of a tract of land in the Parish of Tangipa-hoa and described in its petition as being “the South half of the Southwest quarter, and that part of the Southwest quarter of the Southeast quarter lying west of Big Creek, in Section Fifteen (15) Township Two (2) South, Range (3) East, containing ninety-two acres of land.” Plaintiff alleges that it acquired the property by purchase from Brooks-Scanlon Company on November 30, 1917, by act of sale duly recorded in the Conveyance Records of Tangipahoa Parish; that G. C. Stevens and Sam Cer-niglia are in actual, physical possession thereof without title or right to remain thereon and refuse to deliver possession without good or legal cause. Possession by these defendants is alleged to be worth the sum of $90 per year.
Both defendants filed exceptions of mis-joinder of parties defendants as well as *222 others but in as much as the suit as to the defendant Stevens was later compromised, it becomes unnecessary to consider and pass on the exception of misjoinder. In fact, the defendant Stevens has passed out of the case, and defendant Cerniglia has abandoned his exception, and we are therefore only concerned with defendant Cerniglia’s side of the case.
The other three exceptions filed by defendant Cerniglia are: (1) “That the plaintiff is without capacity to file or prosecute this suit or present any judicial demand before this court because it is a foreign corporation and has failed to pay all taxes, excises and licenses due to the State as provided by Act. No. 8 of the Third Extra’ Session of 1935 of the Legislature of Louisiana.” (2) “That the plaintiff's petition is vague and indefinite in that it fail's to set out the complete chain of title on the property which they allege to own.” (3) “That the plaintiff’s petition discloses no right or cause of action.” These exceptions were overruled.
On the merits, the defendant denied plaintiff’s allegation of ownership of the property which he described in his answer and a portion of which he avers has been in his actual possession since he acquired it on August 17, 1927. He then sets out that on February 15, 1912, Brooks-Scanlon Company, being the owner of the said property with adjoining lands, laid the same off into the townsite of the Town of Bolivar, “as per plat thereof, duly filed in the office of the Recorder of Conveyances for the Parish of Tangipahoa”, and having done so and having also dedicated the streets, roads and alleys on said plat, the said property lost its identity as acreage in Section 15, Township 2, South, Range 8 East, and thereafter became known as blocks in the said Town of Bolivar.
Pie then avers that on July 6, 1926, Brooks-Scanlon Company sold to M. Dreux Van Horn, blocks Nos. 18, 19, 20, 21, 22, 23, 24, 25, 33, 34, 35 and 36 in the townsite of Bolivar in the Northwest portion of Head-right 38, together with other lands not involved in this suit and that on August 17, 1927, Van Horn sold and conveyed to him the blocks just enumerated in the townsite of Bolivar. As a result of the said property having lost its identity as so much acreage being also described in a certain section, township and range after having been plotted out as a townsite, it was not the intention of the parties in the deed from Brooks-Scanlon Company to the plaintiff, on November 30, 1917, to convey any property in said townsite as description would have to be by blocks as plotted and enumerated on the plat on file in the conveyance office of the Parish.
As an alternative plea in case he should be evicted, the defendant makes a demand against his vendor, M. Dreux Van Horn, called in warranty by him, for the price of the land and against the plaintiff for $500, the value of the fence which he had erected thereon. Van Horn answered the call in warranty made on him by Cerniglia adopting practically all of his defenses as his own.
The case, having been put at issue, went to trial in the district court. The district court, Judge Ellis, on January 14, 1944, rendered a judgment in favor of the plaintiff decreeing it to be the owner and entitled to the possession of the “East portion of the South half of the Southwest quarter and that portion of Southwest quarter of Southeast quarter lying west of Big Creek, in Section Fifteen (15), Township Two (2) South, Range Eight (8) East, containing forty-six (46) acres of land, more or less.” The judgment also decreed an award in favor of the defendant against Van Horn, warrantor, for the value of the land, taxes and certain improvements thereon. The defendant and the warrantor have appealed from that part of the judgment which recognized the plaintiff as owner of the land, and as such entitled to a certain sum of money in the Registry of the district court.
The judgment rendered on January 14, 1944 was reviewed by this court and on March 11, 1946 we came to the conclusion, in furtherance of justice, to remand the case to the district court for the purpose of having further evidence adduced on the exception of want of capacity in the plaintiff to file suit, and on the merits, and especially to have documentary proof already offered in evidence supplied in the record *223 and also for the purpose of offering and filing in the record such documentary proof as may have any bearing on the case. See 25 So.2d 120.
On remand, the case was again set for trial. We find in the record a completed copy of plaintiff’s deed, a photostat purporting to show the townsite of Bolivar, and the testimony of Mr. Charles H. Houlton, who testified that the plaintiff never qualified to do business in this State and that it never manufactured piling or lumber. On resubmission of the case on the additional evidence, the trial judge, Judge Tycer, on July 5, 1951, re-instated the original judgment of January 14, 1944 from which the original appeal was taken. The defendant and warrantor have again appealed.
On this appeal, defendant and warrantor, appellants, contend that, “1. Plaintiff-ap-pellee has 'no right of action herein, and there is a total want of legal capacity in plaintiff-appellee in relation to this suit. 2. The plaintiff-appellee, even if it had a right in relation to this suit, has failed to sustain the burden of proving its ownership of defendant’s property. 3. Conceding, for the purpose of argument only, that the description in plaintiff-appellee’s deed covers the same ground as the description in defendant-appellant’s deed, plaintiff-appellee’s deed was void in attempting to convey a subdivision by acreage.”
The first contention of the defendant is two-fold: The plaintiff lacks capacity to bring this suit, firstly because it has not met the requirement of Act 8 of the Third Extra Session of 1935, LSA-R.S. 12:211, and secondly, because of the expiration of its charter.
We shall first consider defendant’s contention that plaintiff lacks capacity to bring this suit because of the expiration of its charter, in that it presents a serious issue.
The record discloses that plaintiff, Lake Superior Piling Company, was incorporated under and pursuant to Title Two of Chapter 34 of the General Statutes of Minnesota and the acts amendatory, M.S.A. § 300.01 et seq., thereof, on September 25, 1897. Article III of said charter provides: “The time of the commencement of said corporation shall be the first day of October, .1897, and the period of its continuance shall be thirty (30) years.” Therefore, the charter of plaintiff expired on September 30, 1927 or October 1, 1927. 'The present suit was filed on November 2, 1935.
In the case of Screwmen’s Benev. Ass’n of Louisiana v. Monteleone, 168 La. 664, 123 So. 116, 118, the Supreme Court of this State had the identical question presented to it; that is, the right of a corporation, after its charter had expired, to sue or stand in judgment. In that case the Supreme Court reviewed the prior jurisprudence of this State and other authorities and finally stated:
“In 7 R.C.L. p. 66, the rule is stated to be that, where the charter fixes a definite time when its corporate life must end, when that date is reached the corporation is ipso facto dissolved without any direct action on the part of the state or its members. No corporate powers can thereafter be exercised by it except such as are given by statute for the purpose of winding up its affairs.
“ ‘And where a corporation continues to exercise, without authority, its corporate powers after the expiration of its charter by lapse of time, it does not thereby become a de facto corporation in so far as it may assert rights and powers as a corporation.’
“There are quite a number of cases cited in the note by the author, a majority of which appear to sustain the doctrine that, even though the corporation continues after the expiration of the charter, it does not obtain the legal status of a corporation de facto.
“We have no statute in this state defining the status of a corporation whose charter has expired by limitation, but Act 26 of 1900 authorizes the appointment of a receiver to take charge of the property and liquidate the affairs of a corporation which has ceased to exist, on the application of any party in interest, or, in the absence *224 of any such person, then on application of the Attorney General.
“In the absence of any judicial precedent set by our own courts, we are disposed to follow the weight of authority established by the courts of other jurisdictions and to hold that, when a charter of a corporation expires by limitation of time as fixed in the charter, the corporation is thereby dissolved and ceases to exist, and is without any corporate power either de jure or de facto.
“From which it follows that, after December 16, 1896, the present plaintiffs status was that of an unincorporated association, and without any of the attributes of a legal corporation. The property of the original corporation, however, continued to be the property of that corporation until sold in some manner provided by law.
“We have not overlooked the authorities cited by the plaintiff contesting the right of the defendant to deny the existence of the corporation' on the merits when not urged in limine.
“The authorities are obviously not applicable to a case where there is, as in this case, a denial of the existence of a plaintiff having any authority either in law or in fact, and utterly without right to sue or stand in judgment.”
We do not find wherein this decision has been overruled. Since this decision was rendered, this State has adopted the Uniform Business Corporation Act, being Act 250 of 1928, which is now LSA-R.S. 12:1 to 12:71, inclusive. This act does not define- the status of a corporation whose charter has expired 'by limitation. The plaintiff has not presented to us any certified copy of any Minnesota Statute or decision showing the status of a defunct corporation. Therefore, we must presume that the laws of Minnesota are like those of this State. And following that decision, we must sustain defendant’s contention that “plaintiff lacks capacity to stand in judgment.”'
Although we find merit in defendant’s contention that plaintiff lacks capacity to bring this suit because it has not met the requirement of Act 8 of the Third Extra Session of 1935, we see no good purpose in discussing this contention; nor do we need to -pass upon the merits of the case.
For the reasons assigned, the judgment appealed from is annulled, reversed and set aside, and plaintiff’s suit is dismissed at its costs.
ELLIS, J., not participating.