FRUGÉ, Judge ad hoc.
This action is instituted by Hall Micken-heim, the qualified administrator of the Succession of Joseph Wyss. The administrator seeks the issuance of certain certificates of stock and gold bonds by the defendants Good Hope Placers, Inc. and Good Hope Investors, Inc., to him or to the Succession of Joseph Wyss.
The administrator of the Succession of Joseph Wyss alleges that Joseph Wyss during his lifetime made certain purchases of stocks and bonds from Good Hope Placers, Inc., but that the stocks and bonds were never issued by the defendants. He alleges that Good Hope Placers, Inc., and Good Hope Investors, Inc., are one and the same party; that they are foreign corporations incorporated under the laws of the State of Idaho and doing business under the laws of the State of Idaho, domiciled in Boise, Idaho and that later he said the Good Hope Placers, Inc. and Good Hope Investors, Inc., merged and are now one and the same party under the name of Good Hope Investors, Inc.
Plaintiff further alleges that the defendant does not have an agent to afford service and process in the State of Louisiana and accordingly in this matter a Curator ad hoc was appointed to represent the defendant and service was made upon the Secretary of State of the State of Louisiana.
Exceptions of no right or cause of action and jurisdiction were filed by the Curator ad hoc on behalf of the foreign corporation defendants. Said exceptions were taken up and the exceptions of no right or cause of action were sustained by the trial judge from which judgment plaintiff has perfected this appeal to this Court.
It is clear from a reading of the petition filed by plaintiff that the defendant is a foreign corporation, having its domicile in Boise, Idaho and has no agent to service and process in the State of Louisiana or is it registered for business in the State of Louisiana. Our Louisiana law provides for jurisdiction over those foreign corporations which are under legal obligation to register for doing business in the State of Louisiana, but which have not done so. LSA-R.S-Title 13:3471(5) (c). Our law also provides that if a corporation is not one required by law to appoint an agent for service of process but has been engaged in business activities in the State of Louisian® through acts performed by its employees or agents in the State of Louisiana, any pro“ ceedings on a cause of action resulting from or relating to such acts performed in the State of Louisiana, said corporation is amendable to the jurisdiction of the courts of Louisiana by making service on any agent and in the event of absence of said agent, then on the Secretary of State. LSA-R.S. 13:3471(5) (d). See also Proctor Trust Company v. Pope, La.App., 12 So.2d 724; Lake Superior Piling Company v. Stevens, La.App., 25 So.2d 120; Calcote v. Century, La.App., 93 So.2d 271. There is no allegation in plaintiff’s petition that the defendant foreign corporation is doing business in the State of Louisiana. There is likewise no evidence in the record before this Court to the effect that the foreign corporation *12 sought to be made defendant is doing any business in the State of Louisiana.
Plaintiff did allege in Article X of his petition that “defendant sold and delivered said stock in the State of Louisiana, although defendant is not qualified to do business in the State of Louisiana as a foreign corporation * * It is well to observe that defendants could not have possibly delivered their said stock as this is the very purpose of the suit herein. However, considering that the defendants did negotiate for the selling of said stock in the State of Louisiana, while there is no Louisiana case on the subject it has been generally held in courts of other jurisdictions that the sale of stock or bonds does not constitute doing business by such corporation in the State. At page 352 of 23 Am.Jur., we find:
“§ 369. — Sale of Stock or Bonds. — ■ Although there is some authority for a contrary view, it is generally held that the solicitation of purchasers for, or the actual sale of, the capital stock of a foreign corporation does not constitute doing business by such corporation in the state, at least in so far as statutes imposing conditions and restrictions on such business, or on admission therefor, are concerned; and in the event that the statutes set up separate requirements for doing business and for selling stock in the state, a foreign corporation may sell its stock in the state by complying with the latter only. The same view has been taken with respect to a statute imposing partnership liability for the debts of the corporation upon the incorporators of a “tramp corporation” organized by citizens or residents of the state to avoid the local laws. Some courts have expressed the same view as to the sale or flotation by such a corporation of its own bonds. Such a view is in accordance with the rule that doing business embraces only ordinary or customary business acts in the prosecution of the purposes of the corporation; and many courts consider the selling of shares as in the nature of a preliminary or enabling act necessary to commence business or to carry it on, as distinguished from the transaction of the business for which it was incorporated. The mere fact that the stock is to be paid for in merchandise instead of money does not so change the transaction as to constitute a carrying on of business within the statute.”
Inasmuch as there is not one iota of evidence in the record, nor is there any allegation in the petition that the defendant corporations have done business or are doing business in the State of Louisiana, we do not believe that the defendant corporations are amenable to suit in this State for the foregoing reasons the judgment of the trial court is affirmed at appellant’s costs.
Affirmed.