143 So.2d 641 (1962)
HOME GAS & FUEL CO., Inc., et al., Plaintiffs-Appellants,
v.
MISSISSIPPI TANK CO., Inc., et al., Defendants-Appellees.
No. 564.
Court of Appeal of Louisiana, Third Circuit.
June 13, 1962.
Polk, Foote & Neblett, by William P. Polk, Alexandria, Stafford & Pitts, by John Pitts, Alexandria, for plaintiffs-appellants.
George J. Ginsberg, Alexandria, for defendants-appellees.
Before FRUGE, SAVOY, and HOOD, JJ.
FRUGE, Judge.
The plaintiff, Home Gas & Fuel Company, sustained certain property damages on November 21, 1960 resulting from a fire which occurred on its premises located in Rapides Parish. Plaintiff alleges in its petition that the fire was the result of the negligence of the defendant, Mississippi Tank Company, a Mississippi corporation, in failing to equip a butane delivery truck with a safety device known as an excess flow valve. Suit was filed against the Mississippi Tank Company and its liability insurer. As the Mississippi Tank Company had not qualified to do business in the State of Louisiana, and had not appointed an agent for service of process, service was made on the Secretary of State in Louisiana.
The Mississippi Tank Company filed with the Court an exception to the jurisdiction *642 alleging that as it carried on no business in the State of Louisiana, the district court was without jurisdiction both in personam and in rem. The matter was submitted to the trial court wherein the exception was sustained and accordingly, the defendant, Mississippi Tank Company, was dismissed as a party defendant. Plaintiff has appealed from that judgment.
Since the defendant, Mississippi Tank Company, Inc., has not appointed an agent for service of process in the State of Louisiana, and since plaintiff strongly contends that defendant transacted business in this state, the question of whether or not the court has jurisdiction thus becomes a question of whether or not the defendant "has engaged in a business activity in this state" according to LSA-R.S. 13:3471 (1960).
The Federal Courts, as well as the courts of this state, have consistently held that this is a question of fact and is to be determined according to the facts of each individual case rather than by the application of fixed, definite and precise rules.
In Calcote v. Century Indemnity Company, La.App., 93 So.2d 271, the court said:
"Courts of this State [may] entertain jurisdiction in suits against foreign corporations actually doing some business in the state, even though such business would not have subjected the corporation to the taxing power of the State, or forced it to apply for a license here."
In Wyss v. Good Hope Placers, La.App., 106 So.2d 10, the court held:
"Our Louisiana law provides for jurisdiction over those foreign corporations which are under legal obligation to register for doing business in the State of Louisiana but which have not done so."
In the leading case of People's Tobacco Company v. American Tobacco Company, 246 U.S. 79, 38 S.Ct. 233, 62 L.Ed. 587, it was held:
"Business must be of such nature and character as to warrant the inference that the corporation has subjected itself to the local jurisdiction. * * * Each case depends upon its own facts."
In King v. American Tank & Equipment Corp., La.App., 144 So. 283, the court stated:
"When a foreign corporation undertakes to transact business in a state other than that in which it is incorporated, it submits itself to the authority of the courts of such other state and is bound by the statutory provisions respecting the method of such courts obtaining jurisdiction over it."
More recently in International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, the Court decided that:
"* * * [D]ue process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend `traditional notions of fair play and substantial justice.'" Id., 326 U.S. at page 316, 66 S.Ct. at page 158.
Looking back over this long history of litigation a trend is clearly discernible toward expanding the permissible scope of state jurisdiction over foreign corporations and other nonresidents. In part this is attributable to the fundamental transformation of our national economy over the years. Today many commercial transactions touch two or more states and may involve parties separated by the full continent. With this increasing nationalization of commerce has come a great increase in the amount of business conducted by mail across state lines. At the same time modern transportation and *643 communication have made it much less burdensome for a party sued to defend himself in a state where he engages in economic activity.
In XVI Louisiana Law Review 431 we find a discussion of "jurisdiction over foreign corporation" and "what constitutes doing business". The writer of this article states:
"In International Shoe Co. v. Washington, [326 U.S. 310, 318, 66 S.Ct. 154, 90 L.Ed. 95 (1950)], the Supreme Court repudiated any notion that it was limited to those factors in determining jurisdiction. In that case, the test laid down to meet the jurisdictional requisites of due process was that the foreign corporation have sufficient contacts or ties with the state of the forum to make it reasonable and just according to the court's traditional conception of fair play and substantial justice to permit the state to invoke its jurisdiction. To illustrate the application of this test, one federal court held a foreign corporation subject to the jurisdiction of the state's court where the corporation's representatives carried on a systematic sales promotion campaign although no sales were consummated within the state. Defendants' out-of-state sales to local residents, however, comprised a substantial part of its business. On the other hand, another federal court held that where a foreign insurance company issued but a single policy through a Louisiana broker to a Louisiana resident, it constituted an isolated act short of doing business and did not give the state jurisdiction over the foreign corporation. In a case decided prior to International Shoe Co. and similar in facts to the instant decision, a Colorado court held that advertising by a foreign insurance company through a radio broadcasting station within the state was `doing business' so as to subject the company to the jurisdiction of the state court. For some years the company had advertised over a Colorado radio station and as a result issued numerous policies to Colorado residents. The court stated that although the company's method of attracting the attention of the public was perhaps unique and assuredly modern, the manner in which it proceeded was not essentially different from that used by other companies to obtain business from Colorado residents.
"In the instant case the court recognized the principle that solicitation of business in and of itself does not subject a foreign corporation to the local forum. What additional activities beyond solicitation would meet the test of doing business was left open by the court. It did state that the activity must be `of sufficient substance and of such scope and variety as would lead a court of last resort to conclude that immunization of the foreign corporation against the power of our forum would be unrealistic, unreasonable and a vehicle for oppressing or meting out injustice to our own local citizens.' The opinion does not indicate the volume of sales made by the defendant to local residents, but if the decision is to be consistent with the Colorado case where radio advertising resulted in sales of many insurance policies to local residents, it must be assumed that the court found the defendant's sales of hair application to be insubstantial. At any rate the court held that it could not justify the imposition of its powers on the foreign corporation, thus implying that to do so would violate the `fair play and substantial justice' rule of International Shoe Co. v. Washington. The opinion did not state whether the Utah service of process statute was broad enough to reach the defendant.
"If under the due process clause a state would be allowed to assume jurisdiction over a foreign corporation under the facts of the instant decision, *644 the question arises as to whether the Louisiana courts would be disposed to do so. The Louisiana legislature has not defined the term `doing business.' The criterion as imposed by the Louisiana Supreme Court was that `when a foreign corporation transacts a substantial part of its ordinary business in a state, it is doing, transacting, and carrying on or engaging in business therein.'
"However, subsequent to the International Shoe Co. case, the Louisiana legislature added a provision to the service of process act [LSA-R.S. 13:3471 (5-d)] providing for service on a foreign corporation not required by law to appoint an agent but that has engaged in business activities in Louisiana through acts performed by its employees or agents. It has been suggested that this provision would permit the Louisiana courts to entertain all suits against foreign corporations on local causes of action permissible under the International Shoe Co. case. It is submitted that the Louisiana courts, if faced with the facts of the instant case, could justifiably hold that the defendant did engage in business activities within the meaning of the statute thus subjecting the corporation to service of process within Louisiana."
We also refer to the explanatory note under LSA-R.S. 13:3471[1] in which it is stated that the 1960 Amendment drops the prior requirement that the business activity in this state be done by the corporation's agents or employees in Louisiana, and thus overrules legislatively Johnson v. El Dorado Creosoting Company, La.App., 71 So.2d 613.
It is further interesting to note the changes in LSA-R.S. 13:3471 brought about by the 1960 Amendment. Prior to the 1960 Amendment, the statute provided:
"(d) If the corporation is not one required by law to appoint an agent for service of process but has engaged in business activities in this state through acts performed by its employees or agents in this state, service of process in any proceeding on a cause of action resulting from or relating to such acts performed in this State * * *." (Emphasis added.)
*645 The Amendment changed this provision to read as follows:
"(1) If the foreign corporation is not one required by law to appoint an agent for the service of process, but has engaged in a business activity in this state, service of process in an action or proceeding on a cause of action resulting from such business activity in this state * * * may be made on any employee or agent of the corporation * * *." (Emphasis added.)
Thus, it is obvious that the requirement of the statute for obtaining jurisdiction over a foreign corporation which does not have an agent for service has been considerably lessened. Today all that need be shown is that the foreign corporation "has engaged in a business activity in this state."
In this exception defendant, Mississippi Tank Company, has raised only the objection of the court's lack of jurisdiction, both in personam and in rem. There has been no objection raised as to the insufficiency of citation nor of the insufficiency of service of process and as a consequence, we are here only concerned with whether or not this court has jurisdiction over the person of the defendant. This, as above stated, involves purely a question of fact as to whether or not the Mississippi Tank Company is or was engaged in a business activity in this state.
Defendant exceptor produced only one witness. This witness testified only that to his knowledge the Mississippi Tank Company employed no salesman who solicited business in the State of Louisiana and that to his knowledge exceptor maintained no offices in the State of Louisiana. There was no positive evidence as to whether or not exceptor had qualified to do business or had obtained a permit or license from the Louisiana Liquified Petroleum Gas Commission. There was no evidence that exceptor had filed a bond with the Louisiana Liquified Petroleum Gas Commission. Exceptor's witness did, however, testify that the Mississippi Tank Company had sold considerable domestic butane systems to residents of Louisiana, the witness testifying that there were over one hundred domestic butane systems sold in this state. Plaintiff, in order to show that exceptor was actually engaged in a business activity in this state, offered the testimony of four witnesses. All of these witnesses were from various parts of Louisiana. Mr. Frank O'Neil from Delhi, Louisiana, testified that a Mr. Crawford, salesman for Mississippi Tank Company, called on him at his place of business. Mr. Charles Cordill of Winnsboro, Louisiana, testified that he had purchased equipment from the Mississippi Tank Company to be sold on consignment and that he could recall four different representatives of the Mississippi Tank Company calling on him at his place of business in Winnsboro. Mr. Claiborn Harrell of Kentwood, Louisiana, testified that he had been called on by a representative of the Mississippi Tank Company. Mr. Howard Cornay of Lafayette, Louisiana, testified that following a fire in one of the delivery units purchased by him from the Mississippi Tank Company, that they had sent service men to Lafayette and Lake Charles to examine and repair other delivery units purchased by him from the Mississippi Tank Company. In maintaining the Exception To The Jurisdiction the trial court stated:
"The evidence makes it clear that the Mississippi Tank Company, Inc., has on occasion, and through its agents and representatives, transacted business in the state of Louisiana. However, it is also established by the evidence that the tank involved in this suit was ordered, manufactured and delivered as set forth in the allegations of the exception, that is to say, without any contract whatever with the State of Louisiana beyond the fact that it was ordered in a telephone call from Louisiana to Hattiesburg, Mississippi." [Tr. 18] (Emphasis added.)
We believe that these facts show conclusively that the Mississippi Tank Company, *646 over a period of years, has consistently and actively engaged in a business activity in the State of Louisiana. There is very little more they could be doing in this state and it is obvious that they have solicited business and engaged in a business activity in this state. It is admitted that the delivery unit in question in this particular suit was not purchased by direct solicitation. It is further conceded that the evidence establishes that the tank involved in this particular suit was ordered by phone from Louisiana. However, we do not agree with the ruling of the trial court that substituted service allowed by this statute is limited to a proceeding on a cause of action directly resulting from a business activity carried on in this state. According to the trial court's interpretation of this statute allowing service on the Secretary of State, this particular butane tank would have had to have been purchased in Louisiana. Or, would it have been sufficient if the Home Gas and Fuel Company had given an order to an agent of the Mississippi Tank Company while the agent was within the borders of this State? Or, would it have been sufficient if an agent of the Mississippi Tank Company had called on the plaintiff company and merely solicited an order for this tank? As the evidence clearly demonstrates that the Mississippi Tank Company has actively engaged in soliciting business in the State of Louisiana over a long period of time, it is inconceivable that this statute could be construed to hold that the plaintiff herein cannot bring suit against the Mississippi Tank Company merely because this particular transaction was not a result of a direct solicitation by the defendant company.
As the Mississippi Tank Company has sold a great number of its products in this state and is actively engaged in considerable business in this state, the plaintiff would not have purchased products from them had they not been familiar with the type of products sold by the Mississippi Tank Company in the State of Louisiana. To allow the Mississippi Tank Company to escape liability and force the defendant to proceed with its cause of action at the company's domicile in the State of Mississippi would be a great injustice. But for the prior activity of the defendant company in this state, it would never have received an order for the production of this particular delivery tank and thus, its sale was actually a result of the business activity of the Mississippi Tank Company in the State of Louisiana.
In our increasing industrial economy, it is evident that a great many products are ordered by phone and by mail from concerns and businesses located in a great number of states. Salesmen travel in numerous states of this country advertising their company's products. Some orders are taken directly, some made by phone or mail after reflection by the prospective purchaser. It should make no difference how the order was received when the foreign corporation attempts and does considerable business within the borders of this state and fails to comply with the law of qualifying to do business within this state. This is not a case of an isolated sale to a Louisiana resident. The defendant company has been selling its goods in this state in great numbers. The persons engaged in the butane business by necessity are familiar with the quality of the merchandise sold by the defendant company in this state. Surely this cause of action resulted from a business activity carried on by the Mississippi Tank Company in this state.
LSA-R.S. 13:3471, as above quoted, contemplates that any foreign corporation which has not appointed an agent for service of process but has engaged in a business activity in this state, service of process may be made on the Secretary of State in an action on a cause of action resulting from this business activity. It is not the intention of this section to limit the effect of this statute to the particular business transaction which brings on the cause of action, but must be read in context with *647 the entire statute which clearly contemplates that its provisions may be used whenever a foreign corporation is found to have engaged in any business activity in the state. Certainly the defendant company in this case has engaged in a business activity in this state and the cause of action stated herein resulted from this business activity, therefore, the judgment of the district court should be reversed and defendant's exception to the jurisdiction should be overruled.
For the reasons herein stated, the judgment of the trial court is reversed, the exception to the jurisdiction filed herein is overruled, and the case is remanded to the district court for proceedings consistent with the views herein expressed.
Reversed and remanded.
NOTES
[1] In Volume 7 of West's L.S.A. Revised Statutes, under Chapter 14, Section 3471 (1960), we find an explanatory note by Hon. Henry G. McMabon in which he states:

"Portions of the former LSA-R.S. 13:3471 are replaced by Arts. 42, 1203, 1231-1234, 1261-1265, 1291, 1292, 1314, 2412, LSA-Code of Civil Procedure.
"This section was amended on the recommendation of the Louisiana State Law Institute to retain the statutory rules supplementing the provisions of Arts. 1201-1314, LSA-Code of Civil Procedure, on Citation and Service of Process. The Inst six subsections of this amended section are merely an editorial revision and rearrangement of former subsections which were not transferred to LSA-Code of Civil Procedure, but which were needed sufficiently to warrant retention.
"The first subsection of this amended section makes two important changes in the procedural law. First, it permits the courts of Louisiana, under Art. 6(1), LSA-Code of Civil Procedure, to exercise the full potential of jurisdiction in personam over foreign corporations allowed by recent decisions of the United States Supreme Court, and particularly by International Shoe Co. v. State of Washington, 1945, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057, and McGee v. International Life Insurance Co., 1957, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223. This amended section provides the method of service on a foreign corporation which is doing or has done some business in this state, interstate in character or otherwise, but which is not doing or has not done sufficient intrastate business to require a license to do business here, and the appointment of an agent for the service of process. Cf. Arts. 1261, 1262, LSA-Code of Civil Procedure. Second, this amended subsection drops the prior requirement that the business activity in this state be done by the corporation's agents or employees in Louisiana, and thus overrules legislatively Johnson v. El Dorado Creosoting Co., [La.] App.1954, 71 So.2d 613."