FRUGÉ, Judge.
This case was previously before this court on an exception to the jurisdiction of the Louisiana court. This court held that the Louisiana court had jurisdiction. La.App., 143 So.2d 641. Now the case is before us on the merits.
This is a damage suit instituted by Home Gas & Fuel Company and its insurers against Mississippi Tank Company and its liability insurer. The district court ren *262 dered judgment for the defendants. From this judgment, plaintiffs have appealed.
In June of 1960, Home Gas & Fuel Company ordered a 1400 gallon propane delivery unit tank from Mississippi Tank Co. A few days later Home Gas & Fuel Co. sent its truck chassis to Hattiesburg, Mississippi, where the tank was installed. Subsequently, the unit was put in service, operating from the owner’s plant in Oakdale, Louisiana. In November of 1960 the delivery pump and hose on the truck were accidentally damaged. The unit was taken to the owner’s garage at Woodworth to be repaired. It was brought inside a garage building and two maintenance employees undertook to make the necessary repairs. In attempting to connect a coupling, one of the employees accidentally opened the master valve, jamming its lever against the truck frame so that the valve could not be closed. As a result, the entire 800 gallons of gas remaining in the tank escaped, became ignited in some unknown manner, and destroyed buildings and equipment belonging to Home Gas & Fuel Co. Thereafter, Home Gas and Fuel Co. and its insurers sued Mississippi Tank Co. and its insurer, alleging that the fire resulted from the negligence of Mississippi Tank Co. in failing to install a safety device in the tank known as an excess flow valve. Plaintiffs alleged that if the safety device had been installed it would have prevented the escape of the gas, thereby preventing the fire.
The trial judge denied recovery. He felt that plaintiff Home Gas & Fuel Co. was barred from recovery because of contributory negligence and because the plaintiffs did not establish that the fire was caused by the failure of Mississippi Tank to install an excess flow valve.
On appeal, plaintiffs contend that there was no contributory negligence. They further contend that even if there was contributory negligence, such had no relation or causal connection to the damages which occurred. Plaintiffs contend that the sole and proximate cause of the fire was the failure of the defendant Mississippi Tank Co. to install the excess flow valve on the tank.
We feel that the record clearly shows that the defendant Mississippi Tank Co. was negligent. The trial judge concluded that the excess flow valve had not been installed in the tank prior to its delivery to Home Gas & Fuel Co. Although there was some testimony that the valve had been installed, we feel that the record clearly supports the trial judge’s finding that no excess flow valve was installed in the tank. There was testimony to the effect that after the fire, the underneath assembly was removed from the bottom of the truck and no excess flow valve was found. Further testimony indicated that if there had been a valve present, the fire would not have melted it. We feel that these factors indicate that the trial judge was not manifestly erroneous in concluding that there was no excess flow valve installed in the tank prior to delivery to Home Gas & Fuel Co. Failure to install such a valve constituted negligence on the part of the defendant Mississippi Tank Co.
But even if the defendant was negligent in not installing the excess flow valve safety device, it still must be established that such negligence was a cause-in-fact of the resulting fire. Negligent conduct is a cause-in-fact of injury if the injury would not have occurred without the negligent conduct, or if the negligent conduct was a substantial factor in bringing about the injury. Dixie Drive It Yourself System New Orleans Co. v. American Beverage Co., 242 La. 471, 137 So.2d 298. In the present case, the defendant was negligent in not installing an excess flow valve in the tank. But if the fire would have occurred irrespective of the failure to install the valve or if the failure to install the valve was not a substantial factor in bringing about the fire, the defendant’s negligence was not a cause-in-fact of the fire. The trial judge felt that the failure to install the valve was not a cause-in-fact of the *263 fire. He concluded as follows: “With this positive and emphatic testimony from an unbiased witness it can not be fairly concluded that the tank emptied at such a rate that a properly working excess flow valve would have cut off the flow from the tank when the discharge valve was opened.”
It is clear from the record that in order for the excess flow valve to cut off the flow of gas from the tank, the gas flow rate from the tank must be above that of normal delivery through the delivery line. The excess flow valve is a safety device and is only supposed to operate in an emergency situation. In the words of Mr. Emile Lustad, testifying for the plaintiff as an expert engineer, it would take a “surge of flow” to activate the excess flow valve.
The testimony appears to be disputed as to whether the flow from the tank was sufficient to activate an excess flow valve if there had been one in the tank. The employee of Home Gas & Fuel Co. who accidentally opened the master valve testified that the sudden flow of gas when the valve opened was of such a force that he was knocked about eight feet. The other employee working on the tank testified that the gas escaped with a loud roar for several minutes. The testimony of both of these employees tends to show that the gas escaped from the tank at a very fast rate and that an excess flow valve, if present, would have shut off the flow of gas.
On the other hand, there is testimony which indicates that the flow from the tank was not of such a force that would have caused an excess flow valve to function. Although the fire started at about 1:30 P.M., an inspector from the Louisiana Liquified Petroleum Gas Commission testified that gas was still coming out from under the truck at 5:30 P.M. Other testimony indicates that the master valve was not opened enough to cause an excess flow valve to function.
On the basis of the above evidence, we feel that the trial court was not manifestly erroneous in concluding that an excess flow valve would not have functioned had there been one in the tank. We therefore hold that the defendant’s negligence in failing to install an excess flow valve was not a cause-in-fact of the fire.
Since we hold that defendant’s negligence was not a cause-in-fact of the fire, it is unnecessary to discuss the question of contributory negligence.
For the foregoing reasons, the judgment of the district court is affirmed. All costs of this appeal are assessed to appellants.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing .denied.
CULPEPPER, J., recused.