169 So.2d 594 (1964)
John M. NIGRO
v.
CESSNA AIRCRAFT COMPANY.
No. 1605.
Court of Appeal of Louisiana, Fourth Circuit.
December 7, 1964.
*595 Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Robert B. Acomb, Jr., and John R. Peters, Jr., New Orleans, for plaintiff-appellant.
Christovich & Kearney, J. Walter Ward, Jr., New Orleans, for defendant-appellee.
Before REGAN, YARRUT, and BARNETTE, JJ.
YARRUT, Judge.
This is an appeal by Plaintiff from a judgment of the district court maintaining Defendant's motion for summary judgment. The basis for the motion was the lack of jurisdiction "in personam" because Defendant, a foreign corporation, was not qualified to, and was not doing business in Louisiana; and had appointed no agent for service of process in this state.
Service was made on Defendant through the Louisiana Secretary of State under LSA-R.S. 13:3471(1), as amended by Acts of 142 § 1 of 1954 and 32 § 1 of 1960.
Defendant contends this service was improper because the Sheriff did not first seek an agent or employee of Defendant, upon whom to make service, before serving the Secretary of State. This objection is untenable. As Defendant admits it had no agent or employee in Louisiana upon whom service could be legally made, it would have been a vain and useless effort for the Sheriff to first seek a non-existent agent before serving the Secretary of State. Since the service ultimately could only legally be made on the Secretary of State, Defendant's objection thereto must be overruled.
Plaintiff's suit is to recover damages for personal injuries sustained when an airplane, manufactured and sold by Defendant, then being piloted by Plaintiff, crashed when in flight due to an alleged defect in construction or equipment.
The only issue here is whether Defendant was doing business in Louisiana that would subject it to the "in personam" jurisdiction of Louisiana courts. Whether or not a foreign corporation is, in legal contemplation, doing business in Louisiana, is a mixed question of law and fact, which must be determined on the basis of particular facts relating to its operations. J. Perez, S. A. v. Louisiana Rice Growers, Inc., La.App., 139 So.2d 247.
In the reasons for judgment, denying jurisdiction over Defendant, the district court held:
"The motion to quash the service is technically well founded in law, as no effort was made to locate an agent in the State. However, it appearing that defendant, Cessna Aircraft Company, neither maintains an office nor an agent in the State, nor do any agents or employees make regular visits to the State, no useful purpose would be served by reissuing citation.
"LSA-R.S. 13:3471(1) simply provides a method of service of process. *596 The decisions in International Shoe Company v. Washington, 326 U.S. 310 [66 S.Ct. 154, 90 L.Ed. 95], and McGee v. International Life Insurance Co., 355 U.S. 220 [78 S.Ct. 199, 2 L. Ed.2d 223], are substantive law, and the facts of the instant case do not justify the application of the rule of those cases.
"Cessna has distributors in Louisiana, but it does not maintain an office, has no resident agent, sales are not solicited in the State, a representative does not travel regularly in the State, nor does it engage in any activity other than contact with and for the benefit of its distributors. To hold that in these circumstances Cessna is doing business in Louisiana, would establish the legal principle that any corporation whose goods are sold in the State is doing business in the State if a representative of the corporation, under any circumstances, visits the State. Such is not the law.
"Covington v. Southern Specialty Sales Co., Inc. [La.App.], 158 So.2d 79, relied upon by plaintiff, is inapposite. In that case, the defendant, Clinton Engine Company, through a distributor, Southern Specialty Sales Company, maintained a central warehouse, serving approximately 140 service centers. Representatives of Clinton made periodic calls in Louisiana every four (4) or five (5) weeks and, in addition to calling on the central warehouse distributor, made calls on the sales and service centers, who operated pursuant to agreements with its central warehouse distributor, and made calls on original equipment manufacturers who had no contractual relation with the central warehouse distributor."
An officer of Defendant, in answering Plaintiff's interrogatories, admitted: Cessna has a distributor in Louisiana who sells aircraft; Cessna advertises in the State of Louisiana and bears part of the expense in the listing and advertising in the telephone directory by the various dealers; Cessna has engaged in collection of accounts receivable arising out of the sale of its products during the year of the crash; a regional service man visits Louisiana who assists the distributor and the distributor's dealers in showing aircraft; occasionally the service representative accepts orders for aircrafts subject to Cessna's Kansas Office acceptance; demonstrations of the products are given in Louisiana by Cessna employees; and Cessna allows use of its name in indicating Cessna dealers and distributorships in the State of Louisiana.
Plaintiff contends the trial court was in error in not recognizing that, in accordance with our statutes and jurisprudence, significant sales and promotional work in Louisiana by a foreign corporation subjects it to judicial process in Louisiana for any breach of warranty or tort occasioned by a defect in the manufactured goods. International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057, and McGee v. The International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223.
In the International Shoe case, the U. S. Supreme Court held that activity of salesmen in the State of Washington, though working strictly on commission, in effect separate entities, who sold shoes for International Shoe Company on a contract subject to acceptance at the foreign corporation's principal place of business was a sufficient contact to make it amenable to process in the State of Washington. The McGee case held that a foreign insurance company, which solicited and sold an insurance contract by mail in the State of California, had established a sufficient contact in that State to make it amenable to suit there. The more recent decisions by our Louisiana Appellate Courts agree with this holding. Covington v. Southern Specialty Sales Company, La.App. 1st Cir., 158 So.2d 79 (1963) and Home *597 Gas and Fuel Co., Inc. v. Mississippi Tank Co., La.App. 3rd Cir., 143 So.2d 641 (1962).
In the Covington case, plaintiff sought damages for personal injuries resulting from an alleged defect in a power lawnmower, against Clinton Engine Corporation and Falls Products, Inc., manufacturers of the particular lawnmower. Defendants excepted to the court's jurisdiction ratione personae on the ground they were not engaged in business activity within the state. Clinton alleged that it did not do business in Louisiana; that it owned no real estate in Louisiana; did not use, lease or rent land, offices, stores or warehouses in Louisiana; had no resident agent, and maintained no bank account here. However, Clinton did admit it had a sales representative who resided in Dallas, Texas, who made periodic calls in Louisiana, every four or five weeks, to assist its warehouse distributor (Southern Specialty Sales Company) and the various local dealers in the sale and servicing of Clinton products; and that the products were sold to this warehouse representative f. o. b. their principal place of business in Iowa and, in turn, the local dealers would get the goods from the distributor. The facts established here are quite similar and more pronounced than those in the Covington case. The trial court sought to distinguish this case from the Covington case, stating that it was inapposite, on the ground that Clinton, through its distributor (Southern Specialty Sales Company) maintained a general warehouse, serving approximately 140 service centers; that representatives of Clinton made periodic calls in Louisiana every four weeks on the sales and service centers who operated pursuant to agreements with this central warehouse distributor. The record here clearly establishes that Cessna carried on the same type of business activity in this state since it maintains a distributorship in the name of J. D. Hair in Baton Rouge, who sells to the various dealers a multitude of products primarily related to the manufacture of aircraft, including aircraft parts or accessories, and the complete aircraft. They are sold directly to the distributor on open account or C.O.D. basis. Cessna, like Clinton, has a sales and service representative for a region, including Louisiana, who makes visits to Louisiana to aid the distributor and dealers in displaying aircraft and instructing them in sales and service techniques. On occasions, the regional salesman accepts orders, though subject to acceptance by Cessna at Wichita, Kansas. In addition, Cessna's officer admitted Cessna engaged in collection of accounts receivable arising from the sale of its products, and bears part of the expense of listing and advertising them throughout the state.
In the Home Gas and Fuel Co. v. Mississippi Tank Co. case, supra, the contacts within the state were extremely minimal. The Mississippi Tank Co. had sold about 100 domestic Butane systems in this state, most of them purchased f. o. b. Mississippi; and its service representatives came to Louisiana to examine units giving considerable problems. The evidence in the present case is uncontroverted that Cessna's service representatives do come to Louisiana for aid in service problems and to promote sales and take orders for Cessna Aircraft. While the volume of Cessna aircraft and parts sold in Louisiana is not in evidence, Cessna's officer admitted it is multitudinous.
In Home Gas & Fuel Co. v. Mississippi Tank Co. (supra), the Court stated:
"As the evidence clearly demonstrates that the Mississippi Tank Company has actively engaged in soliciting business in the State of Louisiana over a long period of time, it is inconceivable that this statute could be construed to hold that the plaintiff herein cannot bring suit against the Mississippi Tank Company merely because this particular transaction was not a result of a direct solicitation by the defendant company." 143 So.2d at 646.
*598 The case of Elam v. Cessna Aircraft Company and The Fidelity & Casualty Company of New York, (not reported), recently decided in the U. S. District Court for the Western District of Louisiana, Lake Charles Division, bearing Civil Action No. 9589 and Admiralty No. 9781 rendered by that Court on the 26th day of August, 1964, is of interest here since Cessna was denied summary judgment sought on the ground it was not amenable to suit in Louisiana because its activities within the state did not suffice to subject it to jurisdiction in Louisiana. The District Court said:
"The local distributor was empowered to direct that demonstrations be given to potential customers in this area. The record is clear, too, that sales representatives and technical representatives frequently called on both distributor, Hair and the dealer, Henry. These travelling representatives did not in fact consummate sales in Louisiana, but there is no doubt that the work and activities of these Cessna representatives had considerable effect upon the extent and use of Cessna's products in Louisiana. Their frequent presence in Louisiana and the expense to Cessna incident thereto could not otherwise be justified.
"Our conclusion is that Cessna's argument that it does not do business in Louisiana is devoid of merit."
As Cessna manufactures aircraft and aircraft parts, and engages in a considerable amount of sales and service promotional work in furtherance of its sales in Louisiana thereby reaping considerable economic benefit from the citizens of Louisiana, we must disagree with the district court and hold that Cessna was doing business in Louisiana and subject to the jurisdiction of its courts.
For the above and foregoing reasons the judgment of the district court is reversed and the case remanded to the district court for any further pleadings and trial on the merits sanctioned by law; all taxable costs of this appeal to be paid by Defendant-Appellee; all other costs to await final judgment after trial in the district court.
Reversed and case remanded.