221 So.2d 265 (1969)
Gwendolyn Eaton RUSH, Plaintiff-Appellant,
v.
MATSON NAVIGATION COMPANY, Defendant-Appellee.
No. 11191.
Court of Appeal of Louisiana, Second Circuit.
April 1, 1969.
Bodenheimer & Jones, Shreveport, for appellant.
Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, Hargrove, Guyton, VanHook & Ramey, Shreveport, for appellee.
Before AYRES, BOLIN and PRICE, JJ.
BOLIN, Judge.
Mrs. Rush brought suit in Caddo Parish, Louisiana to recover damages for Matson Navigation Company for injuries received by her while she was a passenger on defendant's *266 steamship en route from Hawaii to California. Matson's liability is predicated upon alleged negligence of the ship's crew. Exceptions of lack of jurisdiction over the person of defendant, insufficiency of service and improper venue were sustained by the trial court and plaintiff appeals.
The following facts are undisputed. Mrs. Rush purchased her reservation on the Matson line through Dick Phinney Tours, a California travel agency. Matson is a California corporation with no license to do business nor agent for service in Louisiana. Service of process was made upon Matson under the provisions of La.R.S. 13:3204 and jurisdiction is based upon the provisions of La.R.S. 13:1301.
Plaintiff concededly made no inquiry nor did she purchase her ticket or reservations through any of the three Shreveport travel agencies having an agency agreement with Matson for the sale of tickets on the Matson lines. The alleged accident and resulting injuries occurred at sea on Mrs. Rush's return trip from Hawaii to California and required surgery and hospitalization in California before she was able to return to Caddo Parish, which is and has been her domicile for many years.
Although the exceptions are three-fold, the resolution of each depends on whether the trial court had jurisdiction of the litigation under La.R.S. 13:3201:
"A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from the nonresident's
(a) transacting any business in this state;
(b) contracting to supply services or things in this state;
(c) causing injury or damage by an offense or quasi offense committed through an act or omission in this state;
(d) causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this state; or
(e) having an interest in, using, or possessing a real right or immovable property in this state."
Louisiana Revised Statute 13:3202 limits the blanket use of the foregoing "long arm statute" as follows:
"When personal jurisdiction over a nonresident is based solely upon R.S. 13:3201, only a cause of action arising from acts or omissions enumerated therein may be asserted against him." Added Acts 1964, No. 47, § 3. (Emphasis added)
Plaintiff-appellant relies upon sections (a) and (d) of R.S. 13:3201 as affording the jurisdictional basis of this suit.
We find the provisions of La.R.S. 13:3201 are positive and free of ambiguity. The statute confers jurisdiction only:
(1) where one of the jurisdictional bases enumerated in subsections (a) through (e) is present; and then only
(2) where the cause of action arises from one of the jurisdictional bases specified.
Jurisdiction does not exist here under subsection (d) as it is expressly limited to cases in which the nonresident has caused "injury or damage in this state * * *". Appellant's injuries were concededly received while traveling between Hawaii and California. If subsection (a) is relied upon plaintiff must show defendant has transacted business in this state and also the cause of action is one "arising from" its business so transacted.
Appellant urges the agency agreements between Matson and the local travel agencies give the courts of Caddo Parish jurisdiction over defendant. However, plaintiff's *267 cause of action was not related in any way to the agreements between defendant and the agencies.
Appellant contends when a nonresident transacts business of a nature similar to the one out of which a plaintiff's claim arises the requirements of subsection (a) of the cited statute are satisfied. In support of this argument plaintiff relies chiefly upon Home Gas and Fuel Company v. Mississippi Tank Company, 143 So.2d 641 (La.App. 3 Cir. 1962) and Aucoin v. Hanson, 207 So.2d 834 (La.App. 3 Cir. 1968). We find both distinguishable from the case before us.
Plaintiff's claim in Home Gas was for damage to its warehouse which burned in Louisiana; therefore, the cause of action was unquestionably a Louisiana cause of action. Suit was brought and service of process was accomplished under the provisions of La.R.S. 13:3471(1). The court found defendant corporation had transacted business in Louisiana by sending its salesmen into the state to solicit business and by selling many domestic butane systems in the state. Although the particular butane delivery truck which caused the fire was purchased from defendant nonresident corporation by means of a telephone order, nevertheless the foreign corporation was held amendable to the jurisdiction of the Louisiana court. The court reasoned that the order would never have been placed were not the defendant and its products known in this state by virtue of its former business activities here. The significant portion of the holding, insofar as it may bear by analogy on the interpretation of the statute here involved, was despite the fact that the particular transaction giving rise to plaintiff's cause of action was not a Louisiana transaction it nevertheless resulted from defendant's prior business of a similar nature in this state. The court held the question of whether or not defendant was engaged in a business activity in this state was purely factual and concluded defendant corporation had sufficient minimum contacts with Louisiana to satisfy constitutional due process. In addition, it held as a fact the cause of action resulted from the business activity carried on by defendant in this state.
From the facts before us we find no connexity between plaintiff's cause of action and defendant's business activity within Louisiana. There is no evidence the ticket was purchased from Matson as a result of any activity conducted here by defendant.
In Aucoin there was an action in redhibition for alleged defects or vices discovered in a mare purchased by plaintiff from defendant for breeding purposes. The court found the nonresident defendant had conducted substantial horse dealings in Louisiana and preliminary negotiations for the sale in question had been conducted with plaintiff in Louisiana through defendant's agent. The court pointed out in its decision, in order for R.S. 13:3201(a) to apply, it would probably be necessary that defendant or his agent be present in Louisiana while transacting the business which gave rise to the cause of action. In the instant case there is no claim that Matson or its agent transacted the particular activity in Louisiana which gave rise to the alleged cause of action.
We conclude the lower court was correct in sustaining the exception to the jurisdiction and, accordingly, the judgment is affirmed at appellant's cost.