384 So.2d 856 (1980)
Marcy GERTLER et al.
v.
GONDOLA SKI SHOP, INC., et al.
No. 11296.
Court of Appeal of Louisiana, Fourth Circuit.
May 16, 1980.
Rehearing Denied July 3, 1980.
*857 Adams & Reese, Henry B. Alsobrook, Jr., and Edward D. Markle, New Orleans, for relators.
Johnston & Duplass, Lawrence J. Duplass, New Orleans, for respondents.
Before SAMUEL, BOUTALL and SCHOTT, JJ.
SAMUEL, Judge.
This matter is before us on application for supervisory writs by Solomon North America, Inc., a foreign corporation.
Plaintiffs, Marcy Gertler and M. H. Gertler, husband and wife, filed this suit against Gondola Ski Shop, Inc. and Solomon North America, Inc. to recover $130,000 for personal injuries suffered by Mrs. Gertler on February 7, 1978 when she was injured in a ski accident near Aspen, Colorado.
Service was made on Solomon through the Louisiana Long-Arm Statute.[1] Solomon then filed several exceptions, including the declinatory exception of lack of jurisdiction over the person of the defendant. All exceptions were overruled, and Solomon sought writs from the denial of its exception of lack of personal jurisdiction. We granted the application.
The petition alleges plaintiff and her husband attended a seminar in Aspen, Colorado which began February 4, 1978. Prior to making the trip, and acting through a travel agent in New Orleans, they rented ski equipment from the other defendant, Gondola Ski Shop, a Colorado corporation. When plaintiffs arrived in Aspen, the ski shop gave them possession of ski equipment allegedly manufactured by Solomon. On February 7, 1978 Marcy Gertler sustained injuries when she fell from her skis and the ski bindings allegedly did not release.
Plaintiffs base their claim to jurisdiction over Solomon on R.S. 13:3201, which provides:
"A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from the nonresident's
(a) transacting any business in this state;
(b) contracting to supply services or things in this state;
(c) causing injury or damage by an offense or quasi offense committed through an act or omission in this state;
(d) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this state;
(e) Having an interest in, using or possessing a real right or immovable property in this state; or
(f) Non-support of a child or spouse or a former spouse domiciled in this state to whom an obligation of support is owed and with whom the nonresident formerly resided in this state." LSA-R.S. 13:3201.
Plaintiffs specifically rely on subparagraph (d) as authority for proceeding against Solomon in Louisiana. They argue that while the accident occurred in Colorado, approximately 90% of the "damage", in terms of medical treatment and pain, was *858 sustained by Mrs. Gertler in Louisiana after her return. They also assert Solomon does business in Louisiana, but it is clear they had no contact with Solomon prior to the accident, and the equipment which allegedly caused Mrs. Gertler's injuries had no connection with Solomon's business here.
The issues before us were before the Second Circuit in the case of Rush v. Matson Navigation Company.[2] In that case the plaintiff received injuries as a passenger on defendant's steamship while the ship was between Hawaii and California. The defendant was a California corporation, and plaintiff made service through the long-arm statute. The Rush court summarized and disposed of the issues in a concise manner as follows:
"Plaintiff-appellant relies upon sections (a) and (d) of R.S. 13:3201 as affording the jurisdictional basis of this suit.
We find the provisions of La.R.S. 13:3201 are positive and free of ambiguity. The statute confers jurisdiction only:
(1) where one of the jurisdictional bases enumerated in subsections (a) through (e) is present; and then only
(2) where the cause of action arises from one of the jurisdictional bases specified.

Jurisdiction does not exist here under subsection (d) as it is expressly limited to cases in which the nonresident has caused `injury or damage in this state * * *'. Appellant's injuries were concededly received while traveling between Hawaii and California. If subsection (a) is relied upon plaintiff must show defendant has transacted business in this state and also the cause of action is one `arising from' its business so transacted.

Appellant urges the agency agreements between Matson and the local travel agencies give the courts of Caddo Parish jurisdiction over defendant. However, plaintiff's cause of action was not related in any way to the agreements between defendant and the agencies.
. . . . .
From the facts before us we find no connexity between plaintiff's cause of action and defendant's business activity within Louisiana. There is no evidence the ticket was purchased from Matson as a result of any activity conducted here by defendant." (Emphasis added).
In the present case plaintiff was injured in Colorado. Therefore, the non-resident defendant has not caused "injury or damage in this state".[3] Moreover, there is no connection between plaintiffs' cause of action and business activity carried on by defendant in Louisiana. There is no allegation or evidence that defendant's skis were sold or otherwise became part of commerce in Louisiana and were then transported for use to Colorado. Nor was there any contact between plaintiffs and defendant in Louisiana. Consequently, plaintiffs' cause of action does not arise from the non-resident defendant's transacting business in Louisiana.
The result reached by this court is consistent with a recent pronouncement of the United States Supreme Court in World-Wide Volkswagen Corporation v. Woodson.[4] In that case, plaintiffs purchased a new Audi automobile from a dealership in Messina, New York in 1976. In 1977 they left New York state and proceeded to a new home in Arizona. As they passed through Oklahoma, another car struck their vehicle in the rear and a fire resulted which caused severe burns to one of the plaintiffs and her two children. Plaintiffs sued in an Oklahoma district court on the theory the design and placement of the Audi's gas tank and fuel system were defective. Among other defendants, they joined the New York dealership from which they purchased the automobile *859 and World-Wide Volkswagen Corporation (a regional distributor for Volkswagen of America, Inc.). Both the retail dealer and the distributor appeared specially and objected to the jurisdiction of the Oklahoma court on Fourteenth Amendment due process grounds.
The distributor was incorporated in the state of New York, where it maintained its business office. It distributed vehicles, parts, and accessories under contract with Volkswagen of America to retail dealers in New York, New Jersey, and Connecticut. The retail dealer was incorporated and had its place of business in New York. The only relationship between those two corporations and Volkswagen of America was contractual. The record showed no evidence that either the distributor or the retailer did any business in Oklahoma, sold any products in that state, had an agent for service of process there, or engaged in advertisements calculated to reach Oklahoma.
The Supreme Court of Oklahoma held the Oklahoma trial court had jurisdiction over the distributor and the retail dealer[5] on the ground that personal jurisdiction over those defendants was authorized by a portion of Oklahoma's long-arm statute.[6] This statute is quite similar to subsection (d) of the Louisiana statute. The Oklahoma version reads as follows:
"A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action or claim for relief arising from the person's... causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this state ..."
The United States Supreme Court reversed, holding that jurisdiction under the Oklahoma long-arm statute would constitute a violation of due process. The court stated a forum state may assert personal jurisdiction over a corporation which delivers its products into the stream of commerce with the expectation they will be purchased by consumers in the forum state. However, a forum state may not assert jurisdiction merely because it was foreseeable to the seller that its product would be taken by the purchaser to another state and cause injury there.
A corollary to this decision is that a forum state does not gain jurisdiction over a corporation which manufactures a defective product delivered to a state other than the forum state and the injured plaintiff travels to the non-forum state and sustains injury by use of the product there. A party cannot be made defendant in Louisiana merely because it is foreseeable that his product might injure a Louisiana resident while the latter was using it in another state.
For the reasons assigned, the writ issued by us is made peremptory, the judgment complained of is reversed, the exception to the lack of personal jurisdiction over Solomon North America, Inc. is maintained, and plaintiffs' suit against that defendant is dismissed. Plaintiffs are to pay all costs of Solomon North America, Inc. in both courts.
REVERSED.
NOTES
[1] LSA-R.S. 13:3201.
[2] La.App., 221 So.2d 265.
[3] We reject, as totally without merit, plaintiffs' argument that medical treatment and pain in this state which resulted from the injury in suit, brings this matter within "Causing injury or damage" of subparagraph (d). It is clear those words refer to personal injury or property damage.
[4] 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).
[5] 585 P.2d 351.
[6] Okla.Stat., Title 12, § 1701.03(a)(4).