474 So.2d 486 (1985)
Richard O. ALBA and Dyna Sea, Inc.
v.
PYRAMID ISLAND LIMITED, et al.
No. CA 3123.
Court of Appeal of Louisiana, Fourth Circuit.
August 6, 1985.
*487 Weidemann & Fransen, A. Remy Fransen, Jr., Patricia A. Goodwin, New Orleans, for appellant.
Barham & Churchill, Ralph S. Hubbard, III, Yvonne Chalker, New Orleans, for appellee.
Before BARRY, CIACCIO and WILLIAMS, JJ.
CIACCIO, Judge.
Plaintiffs appeal from a judgment sustaining an exception of lack of personal jurisdiction and dismissing their suit against defendant Pyramid Island Limited. We affirm.
The issue before this court involves the exercise of in personam jurisdiction by Louisiana courts over a non-resident defendant. Exercise of that jurisdiction is authorized by the Louisiana Long-Arm Statute, La.R.S. 13:3201 et seq., and is limited by Constitutional due process constraints as set forth by the United States Supreme Court in International Shoe Company v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and it progeny. In order for the proper exercise of jurisdiction in personam over a non-resident there must be sufficient minimum contacts between the non-resident defendant and the forum state to satisfy due process and "traditional notions of fair play and substantial justice" as required by Shaffer v. Heitner, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977), International Shoe Company v. State of Washington, supra, and McGee v. International Life Insurance Company, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957). See Soileau v. Evangeline Farmer's Co-Op., 386 So.2d 179 (La.App.3d Cir.1980). Whether a particular defendant has sufficient minimum contacts with a state is to be determined from the facts and circumstances peculiar to each case. Drilling Engineering, Inc. v. Independent Indonesian American Petroleum Co., 283 So.2d 687 (La.1973).
Plaintiffs allege the occurrence of injuries during an underwater diving expedition off the coast of Belize. The trip involved a group of New Orleans area residents and had been arranged by a dive shop/travel agency operation located in New Orleans. Defendant, Pyramid Island Limited, is a resort hotel in Belize which provided the group's accommodations in Belize and conducted the diving expedition in question.
Plaintiffs argue that Pyramid Island is subject to the jurisdiction of the Louisiana courts by virtue of its transacting business in this state and contracting to supply services or things in this state. See *488 La.R.S. 13:3201(a) and (b). Despite plaintiffs' arguments to the contrary, we find that Pyramid Island did not contract to supply services or things in this State. Any services or things provided by Pyramid Island to plaintiffs were supplied to plaintiffs and used by plaintiffs in Belize. Jurisdiction in this case cannot be sustained on this basis. This finding is consistent with this Court's holding in Gertler v. Gondola Ski Shop, Inc., 384 So.2d 856 (La.App. 4th Cir.1980), where we stated,
"... a forum state does not gain jurisdiction over a corporation which manufactures a defective product delivered to a state other than the forum state and the injured plaintiff travels to the non-forum state and sustains injury by use of the product there." 384 So.2d at 859.
As for "transacting business in this state", we hold that this means more than merely doing business with someone who happens to reside in Louisiana. It is essential in each case that there be some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum. Hanson v. Denkla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); International Shoe Company v. State of Washington, supra. We do not find such an act by defendant in this case.
An employee of defendant, while in New Orleans, on personal business, visited a dive shop and, in response to an inquiry by the proprietor of the dive shop, replied that Pyramid Island was open for business. The dive shop proprietor then visited Pyramid Island in order to personally view the facilities. He then made arrangements for a group trip to defendant's resort, including arrangements for diving expeditions. Brochures, which Pyramid Island had printed in New Orleans, were sent to the dive shop and distributed to the group. The dive shop proprietor collected from the group members, including plaintiffs, the charges due for the various services to be supplied on the trip, and forwarded this money to the various suppliers, including defendant in Belize. Pyramid Island supplied the dive shop/travel agent with one free room for each fifteen members he booked for the trip. The making of these arrangements involved communications, both written and telephonic, between the dive shop proprietor in New Orleans and an agent of defendant in Belize.
Affidavits submitted in support of the exception establish that Pyramid Island is not a Louisiana corporation, does not have its principal place of business in Louisiana, does not have any corporate offices in Louisiana, does not have any officers, directors, agents or employees domiciled in Louisiana, has never appointed an agent for service of process in Louisiana, has never maintained an office or place of business in Louisiana, has never maintained a bank account or asset in Louisiana, owns no immovable property or real rights or interest in Louisiana, and does not do any business in Louisiana.
The only purposeful act of defendant to avail itself of the privilege of conducting activities in Louisiana involved having its brochures printed in New Orleans. Plaintiffs' injuries, however, do not arise from defendant's having brochures printed. See Gertler v. Gondola Ski Shop, Inc., supra. Because of the absence of any "purposeful availment" of the rights and privileges of Louisiana law, we hold that in this case defendant is not subject to the jurisdiction of this State's courts on the basis of transacting business in this State. See O'Reilly v. Prat's Travel Agency, Inc., 457 So.2d 24 (La.App. 4th Cir.1984), writ denied, 461 So.2d 319 (La.1984).
The legislative intent in enacting Louisiana's Long-Arm Statute was to extend personal jurisdiction of Louisiana courts over non-residents to the full limits of due process, i.e. to any non-resident who has "minimum contacts" with this State. Drilling Engineering, Inc. v. Independent Indonesian American Petroleum, Co., supra; Soileau v. Evangeline Farmer's Co-Op., *489 supra. This jurisprudence requires a liberal interpretation of La.R.S. 13:3201 in favor of finding jurisdiction. Adcock v. Surety Research and Investment Corp., 344 So.2d 969 (La.1977); Latham v. Ryan, 373 So.2d 242 (La.App.2d Cir.1979). We, therefore, have considered the evidence of defendant's contacts with Louisiana contained in the record before us on appeal in light of all the provisions of the long-arm statute which might confer jurisdiction to the Louisiana courts. We do not find, however, sufficient minimum contact between Pyramid Island and Louisiana to subject defendant to the jurisdiction of Louisiana's courts in this case.
For the reasons stated, we affirm the judgment of the district court. Plaintiffs are to pay all costs of Pyramid Island Limited in both courts.
AFFIRMED.